THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LINDA FLORES-PEREZ, et al.,**<br><br> Plaintiffs,<br><br> v.<br><br>**DR. FELIX RODRIGUEZ-DEL RIO, et al.,**<br><br> Defendants. | **Civil No. 17-2214 (ADC)** |

**OPINION AND ORDER**

Before the Court are co-defendant Dr. Nelson Guilbe's ("Dr. Guilbe") motion for summary judgment, memorandum of law, statement of uncontested material facts, and supporting documents. **ECF Nos. 72, 73, 74, 76, 78.**[1] Plaintiffs filed a response and a statement of additional facts. **ECF Nos. 101, 102, 103**. Dr. Guilbe replied. **ECF No. 120**.

For the following reasons, the Court **DENIES WITHOUT PREJUDICE** co-defendant Dr. Guilbe's motion at **ECF No. 72**.

---

[1] Co-defendant Dr. Guilbe filed several motions to correct errors in his filings related to his request for summary judgment. *See* **ECF No. 76**: to "correct" the motion for summary judgment **ECF No. 72**; **ECF No. 77:** to inform the filing of an amended statement of uncontroverted facts; **ECF No. 78:** amended statement of uncontroverted facts and supporting documents. Co-defendant Dr. Guilbe also moved for several extensions of times, including a motion for extension of time to file the Exhibits in support of his statement of uncontroverted facts and to file certified translations of state court opinions referenced in his motion for summary judgment and memorandum of law. **ECF Nos. 75, 105**.

## I.     Background

Plaintiff Linda Flores-Pérez ("Flores-Pérez") "was submitted to a left-foot surgery on October 3, 2016 but upon waking up at the recovery room complained, amongst other, to anesthesiologist[,] doctor Guilbe[,] that her right shoulder hurt, which required posterior intervention…to correct said complication." **ECF No. 72** at 2. On September 18, 2017, Flores-Pérez and her husband, Rafael Borrero-Coris ("Borrero-Coris,"or jointly "plaintiffs"), filed a complaint ("complaint") against Dr. Félix Del Río, his wife fictitiously named "Jane Doe," and the conjugal partnership formed between them and Hospital Metropolitano.Other "[d]efendants with the fictitious names of John Doe and Richard Doe are included to represent persons and/or entities whose name and identities are presently unknown and that are also responsible for the damages alleged in this Complaint, including the Hospital Metropolitano regular staff and operating room staff." **ECF No.** 1 at 2.

On July 23, 2018, plaintiffs moved for leave to amend the complaint. **ECF No. 17**. Plaintiffs asserted that "[a]s part of the discovery process, plaintiffs were informed that Dr. [] Guilbe (anesthesiologist) was a potential witness for the case…" **ECF No. 17** at 1. They added "[t]oday we were able to confirm that Dr. Guilbe was actually part of the operating room team mentioned in paragraph 3.1 of the complaint." *Id* at 2. Plaintiffs also asserted not knowing until that date, that Dr. Guilbe was not an employee of Hospital Metropolitano, but rather employed by a corporation named M&G Anesthesia PSC. *Id*. Accordingly, plaintiffs sought leave to amend the

complaint in order to "include" them both as defendants. *Id*. On July 27, 2018, the Court granted leave to amend the complaint at **ECF No. 18**.

On July 31, 2018, plaintiffs filed the amended complaint, at **ECF No. 19,** ("amended complaint") which included Dr. Guilbe and M&G Anesthesia PSC as defendants. Notably, however, plaintiffs left unaltered the paragraph including the defendants with fictitious names described as the "regular staff and operating room staff" as it was originally drafted in the complaint. **ECF No. 19** at 3. Dr. Guilbe filed his answer to the amended complaint on November 12, 2018. **ECF No. 26**. Among other defenses, Dr. Guilbe stated that "[t]he amended complaint is time barred." *Id* at 13.

On February 14, 2020, Dr. Guilbe filed a motion for summary judgment, a statement of uncontested material facts, and a memorandum of law. **ECF Nos. 72, 73, 74, 76, 78.** Dr. Guilbe asserts "there is no genuine dispute as to the material fact that [Flores-Pérez] knew his identity and his name since the date of the pre-anesthesia evaluation that was carried out before the date of the surgery, and at the date of the surgery[,]" October 3, 2016. **ECF No. 72** at 3 (emphasis added). Specifically, he purports that Flores-Pérez complained to none other than Dr. Guilbe about her arm right after surgery. Despite that fact, the argument goes, plaintiffs joined Dr. Guilbe months after the applicable statute of limitations had elapsed. *Id*.

Dr. Guilbe further argues that the inclusion of the fictitious named defendants in the original complaint and the amendment to the complaint do not trigger "the relation back of amendments provision included in Fed. R. Civ. 15(c)(1)." **ECF No. 72** at 2. In Dr. Guilbe's view,

"[plaintiffs] do not meet the third prong requirement… to the effect that '(3) but for a mistake in identity plaintiff would have named the substituting defendant in the original pleading.' Nor do they meet the second prong requirement contained in Rule 13.3 of Puerto Rico Civil Procedure." **ECF No. 74** at 11. Therefore, Dr. Guilbe argues that "by the time he was joined for the first time as a codefendant thru the filing of the amended complaint, plaintiffs' medical malpractice cause of action was time barred." *Id*.

On March 16, 2020, plaintiffs filed their response to Dr. Guilbe's motion for summary judgment, a statement of uncontested facts, and a statement of additional facts. **ECF Nos. 102, 102, 103, 110.** While admitting that Dr. Guilbe was in fact Flores-Pérez' anesthesiologist during the surgery, plaintiffs claim they never "heard the name Dr. Guilbe" before December 15, 2017, when co-defendant Hospital Metropolitano tendered its answer to written discovery and initial disclosures. **ECF No. 103** at 1. Before confirming Dr. Guilbe's "identity" on July 23, 2018, to plaintiff "he was just the 'coffee colored skin' anesthesiologist." *Id* at 6. Therefore, according to plaintiffs, July 23, 2018 "is the date where the one-year clock starts." *Id*. Even if the Court deemed December 15, 2017-date when Flores-Pérez allegedly hears Dr. Guilbe's name for the first time- as the date that triggers the statute of limitations in this case, the amended complaint was filed within the one-year statute of limitation. *Id* at 6.

Finally, as to the issue of the "relating back amendment", plaintiffs only purports that the "[amendment] to the complaint fully complies with Rule 15(c) third criteria. Dr. Guible was

mentioned as part of the operating room staff since his identity was unknown at the moment. As soon as his identity was obtained, the amendment was filed." *Id* at 7.

Dr. Guilbe docketed his reply on May 5, 2020. **ECF No. 120**. In it, Dr. Guilbe underscores that plaintiffs' response focuses on their alleged unawareness of the anesthesiologist's "name," "which turns out to be irrelevant in analyzing [plaintiffs'] plea to trigger back the filing of [their] amended complaint to the date of the filing of the original complaint." **ECF No. 120** at 2. The relevant inquiry, Dr. Guilbe contends, "rests upon whether Flores[-Pérez] knew the identity of [Dr.] Guilbe, which she did, since she knew before and after the surgery that he was an 'anesthesiologist' and described him as a coffee colored skin individual." *Id* at 3. Because plaintiffs cannot claim that "but for a mistake in identity plaintiff would have named the substituting defendant in the original pleading," Dr. Guilbe sustains plaintiffs failed to meet Fed. R. Civ. P. 15(c)(1). *Corey Lanuza v. Medic Emergency Specialties*, Inc., 229 F.Supp.2d 92, 102 (D.P.R. 2002) (citing *Leonard v. Parry*, 219 F.3d 25 (1st Cir. 2000)).

Dr. Guilbe also challenges plaintiffs' response statement at **ECF No. 101** claiming that most of the statements constitute an "improper qualification," which do not belong in a Fed. R. Civ. P. 56 response statement. **ECF No. 120** at 5; 6-13. Finally, Dr. Guilbe requests plaintiffs' verified statement (**ECF Nos. 101-1** at 25, **102-1** at 25, **103-1** at 25) be stricken from the record as a sham affidavit. **ECF No. 120** at 16.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. United States Dept. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004); *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) (citations omitted); *see* Fed. R. Civ. P. 56(a). Although the Court states the facts in the light most favorable to the party against whom summary judgment is entered, the Court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

In order to defeat a properly supported motion for summary judgment, the non-moving party must set forth facts showing that there is a genuine dispute for trial. *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011). "When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." *Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533–34 (1st Cir. 2006) (citing *NEPSK, Inc. v. Houlton*, 283 F.3d 1, 7–8 (1st Cir. 2002)). The Court must still scrutinize the summary judgment motion under the terms of the Federal Rules of Civil

Procedure but, "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case." *Id.* at 534.

L. Civ. R. 56(c) states, in pertinent part, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." *Id*. As discussed herein, plaintiffs' opposing statements are replete with supplemental information in clear violation of applicable rules. *See Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 57 (1st Cir. 2011) ("Local Rule 56 is in service to Federal Rule of Civil Procedure 56.").

Moreover, L. Civ. R. 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. . . The [C]ourt shall have no independent duty to search or consider any part of the record not specifically referenced by the parties' separate statement of facts."

### III. Analysis

Dr. Guilbe argues that the complaint against him is time barred. **ECF Nos. 72, 74, 120.** Sitting in diversity jurisdiction, the Court must apply the Puerto Rico statute of limitations. *Santiago v. Becton Dickinson & Co.*, 539 F. Supp.1149, 1151 (D.P.R. 1982); *Valedón-Martínez v. Hospital Presbiteriano de la Comunidad, Inc.*, 806 F.2d 1128, 1133 (1st Cir. 1986). P.R. Laws Ann. tit. 31, § 5298 stablishes a one-year statute of limitation for malpractice actions "from the time the aggrieved person had knowledge thereof."

"Knowledge," the Supreme Court of Puerto Rico has held, materializes when the "aggrieved" has (1) "notice of the injury" and (2) "notice of the person who caused it."[2] *Colón-Prieto v. Géigel*, 15 P.R. Offic. Trans. 313, 330, 115 P.R. Dec. 232, 246 (P.R. 1984). Dr. Guilbe's arguments are all focused on the second requirement, which requires "'[n]otice of the person **who caused the injury**'… **so that the injured person 'may know who to sue**.'" *Kaiser v. Armstrong World Industries, Inc.*, 872 F.2d 512, 516 (1st Cir. 1989) (quoting *Colón-Prieto*, 15 P.R. Offic. Trans. at 330)(emphasis added). In other words, "the injured person must have both notice of [her] injury and **knowledge of the likely identity of the tortfeasor**." *Caraballo v. Hosp. Pavía Hato Rey Inc.*, 377 F. Supp.3d 99, 116 (D.P.R. 2019) (citing *Tokyo Marine & Fire Ins. Co. v. Pérez & Cia., de Puerto Rico, Inc.*, 142 F.3d 1, 3 (1st Cir. 1998).

Accordingly, the required notice is not only as to the "name" and "identity" of a person who participated in the events that resulted in the alleged injury. It also requires some degree of knowledge or deemed knowledge that the person is likely a "tortfeasor." That is, in addition to knowing the identity, a plaintiff needs information to "know who to sue" for the alleged malpractice. *Kaiser*, 872 F.2d at 516 (quoting *Colón-Prieto,* 15 P.R. Offic. Trans. at 330)(emphasis added).

---

[2] "Notice of the injury' occurs when there exist some outward or physical signs through which the aggrieved party may become aware and realize that he has suffered an injurious aftereffect, which when known becomes a damage, even if at the time its full scope and extent cannot be weighed. These circumstances need not be known in order to argue that the damage has become known, because its scope, extent and weight may be established later on during the prosecution of the remedial action." *Kaiser v. Armstrong World Industries, Inc.*, 872 F.2d 512, 516 (1st Cir. 1989)(citations and quotations omitted)

To further illustrate this point, the Supreme Court of Puerto Rico has recognized that "not only must the aggrieved person know that he has been injured; **he must also know who is the author of the injury** in order to address the action against him." *Colón-Prieto,* 15 P.R. Offic. Trans. at 330-31. Accordingly, the "statute of limitations is triggered off by the notice of the injury, **plus notice of the person who caused it**." *Id* (quoting Borrell y Soler, *Derecho Civil Español 500*, Barcelona, Ed. Bosch (1955)).

In the case at bar, Dr. Guilbe "argues that based upon the cognoscitive theory … the amended complaint is time barred." **ECF No. 72** at 3. He contends

> that there is no genuine dispute as to the material fact that plaintiff [Flores-Pérez] **knew his identity and his name** since the date of the pre-anesthesia evaluation that was carried out before the date of the surgery, and at the date of the surgery.
>
> That there is no genuine dispute as to the material fact that plaintiff´s surgery was performed on October 3, 2016 and that she became aware of the alleged damage she suffered, and who may have caused it, that same day.

*Id* at 3 (emphasis added).

However, Dr. Guilbe's statement of proposed uncontested material facts at **ECF Nos. 73** and **78** does not include a single fact in connection with the point in time when Flores-Pérez knew or should have known that Dr. Guilbe was a tortfeasor. Rather, all that Dr. Guilbe asserts via statement of facts is that: (1) he was the anesthesiologist in Flores-Pérez surgery, *Id* at 1; (2) his name is recorded in the "intraoperative nursing notes," *Id* at 1; (3) when Flores-Pérez "woke up from the surgery her right arm hurt," *Id* at 1-2; (4) he approached Flores-Pérez and "gave her

an explanation of what may have happened, and she replied that it hurt a lot[,]" *Id* at 2; (5) he then "replied with an 'attitude' that those things did not happen 'around here[,]'" *Id*; (6) he "carried out [Flores-Pérez'] pre-anesthesia evaluation and described him as 'coffee colored skin[,]' " *Id*; (7) the pre-anesthesia interview took place "days before the surgery," during which "Dr. Guilbe introduced himself by name," *Id*; (8) the complaint was filed on September 18, 2017 "in which Dr. Guilbe was not included as a co-defendant," *Id*; (9) the complaint included fictitious name defendants, *Id* at 2-3; (10) "plaintiff[s] filed an amended complaint on July 31, 2018, wherein [they] joined Dr. Guilbe as a codefendant for the first time." *Id* at 3.

Even if the Court accepted all of Dr. Guilbe's proposed facts at **ECF Nos. 73, 78** as undisputed facts, the Court would still be unable to determine that Dr. Guilbe "is entitled to judgment as matter of law." Fed. R. Civ. P. 56(a). Contrary to Dr. Guilbe's argument, "the crux of the analysis" does not only "rest upon whether [Flores-Pérez] knew the **identity** of Dr. Guilbe." **ECF No. 120** at 2-3 (emphasis added). Instead, the relevant inquiry is when did Flores-Pérez know or should have known that Dr. Guilbe was "the person who [may have] caused" the injury. *Colón-Prieto,* 15 P.R. Offic. Trans. at 330-31.[3]

---

[3] "We have been flexible with regard to the computation of the one-year period of limitation provided by Puerto Rico Civil Code sec. 1868. In order to determine when said period starts to run, we have stated that the moment established as the true starting point in an action for damages, is the date on which the aggrieved party discovered the damage, found out who caused it, and had knowledge of the necessary elements to effectively assert his or her cause of action. Prescription [limitation of actions] is not a rigid figure; it admits judicial adjustments, as required by the specific circumstances of each case and by the notion of what is fair." *Vera v. Dr. Bravo,* 2004 TSPR 30, P.R. Offic. Trans. (P.R. Feb. 27, 2004)

This determination finds support in long standing Puerto Rico case law. For example, in *Colón-Prieto*, plaintiff underwent surgery on November 10, 1971 with Dr. Philip R. Ark. It was not until plaintiff visited a different doctor, Dr. Ramírez de Arellano, on November 10, 1972 that he learned for the first time that his injury was related to the November 10, 1971 surgery. "It was not until… he consulted other physicians… that he found… that the right lingual nerve had been cut." *Colón-Prieto,* 15 P.R. Offic. Trans. at 329. "It was then that he **became aware that the damage was probably caused by Dr. Ark's** lack of expertise. Under the 'subjective' test applicable to actions against physicians, the statute of limitations started to run on that date." *Id* (emphasis added). Here, much like in *Colón-Prieto*, knowing the name and identity of medical staff such as Dr. Guilbe is meaningless unless accompanied by notice "that the damage was probably caused by Dr. [Guilbe]." *Id*.

Because Dr. Guilbe moved for summary judgment, he needed to "show[] that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). He did not. Without a doubt, the time when Flores-Pérez became aware that Dr. Guilbe might be responsible for her injury, is a material fact for purposes of assessing the commencement of the statute of limitation in this case. However, Dr. Guilbe proposed no material fact whatsoever related to that particular moment.[4] The Court cannot infer from thin

---

[4] "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

air when was it that plaintiffs had "'[n]otice of the person who caused the injury.'" *Kaiser*, 872 F.2d at 516. Since Dr. Guilbe made it impossible for the Court to determine the moment when the one-year statute of limitation started to run, his arguments concerning Fed. R. Civ. P. 15(c)'s relation back amendments, and all challenges to plaintiffs' statement of additional facts are irrelevant.

**IV.     Conclusion**

For the above stated reasons, the Court hereby **DENIES WITHOUT PREJUDICE** Dr. Guilbe's motion for summary judgment at **ECF No. 72**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of November 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**